```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**EZRA JOE JONES**                                                        **PLAINTIFF**

    **v.**                    **Civil No. 09-5044**

**SHERIFF TIM HELDER, ET AL.**                                            **DEFENDANTS**

### O R D E R

    Now on this 29th day of March, 2011, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 54), and the objections filed by plaintiff (Docs. 55 and 57) and by separate defendants ARAMARK Correctional Services, LLC, Steve Pennington, Jaret Heil, Sonia Jennings, Leela Williams, Michael Word and Kate Finn (collectively, the "Aramark Defendants") (Doc. 56).[1]

    The Court, being well and sufficiently advised, has reviewed the Report and Recommendation and the objections thereto and finds as follows:

    1.    Plaintiff, Ezra Joe Jones, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that, during his incarceration at the Washington County Detention Center, defendants violated his constitutional rights by failing to provide him with a proper diet and by not having an adequate grievance procedure.

---

[1] Sheriff Tim Helder and former Sheriff Steve Whitmill (the "Washington County defendants") did not object to the Magistrate Judge's Report and Recommendation.

2. The defendants filed motions for summary judgment and the Magistrate Judge issued a Report and Recommendation in which she recommended the following:

* that the Court grant summary judgment to the Washington County defendants on the inadequate grievance procedure claim because inmates do not have a constitutionally protected right to a grievance procedure;

* that the Court grant summary judgment to all defendants on plaintiff's claim for compensatory damages because he failed to establish that he suffered a physical injury as a result of the inadequate food he was allegedly served; and

* that the Court deny summary judgment on all remaining issues because genuine issues of material fact exist with respect to whether plaintiff was provided sufficient food to maintain good health.

3. The ARAMARK Defendants object to the Magistrate Judge's Report and Recommendation on the following grounds:

(a) the ARAMARK Defendants assert that they are private actors and, as such, cannot be held responsible under § 1983 for constitutional deprivations.

In her Report and Recommendation, the Magistrate Judge noted that other courts have held that a contracted food service provider, such as ARAMARK, can be held liable under § 1983 as a state actor because in that situation the food service provider has assumed the state's constitutional obligation to provide a

nutritionally adequate diet to inmates. This Court has found additional cases in which courts have made the same ruling. *See Ingram v. Hall*, 2010 U.S. Dist. LEXIS 41844 (M.D. Tenn. Mar. 31, 2010); *Lucas v. Aramark Corrections Food Serv.*, 2010 U.S. Dist. LEXIS 329 (W.D. Ky. Jan. 5, 2010); *McCullum v. City of Philadelphia*, 1999 U.S. Dist. LEXIS 10423 (E.D. Pa. July 13, 1999).

The Court will adopt the Magistrate Judge's Report and Recommendation on this issue.

(b) the ARAMARK Defendants object to the Magistrate Judge Report and Recommendation on the grounds that plaintiff's failure to establish an actual physical injury bars his claim.

The Magistrate Judge found that plaintiff has failed to establish a physical injury in this case. She noted, however, that, if plaintiff established that his constitutional rights were violated, he would be entitled to recover other types of relief, such as nominal damages, punitive damages, and injunctive and declaratory relief. *See* 42 U.S.C. § 1997e(e).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As the Magistrate Judge noted, the Eighth Circuit has held that, in cases where no physical injury is suffered, § 1997e(e) bars recovery of compensatory damages for a mental or emotional injury, but it does

not bar recovery of other types of damages. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004).

The Court will adopt the Magistrate Judge's Report and Recommendation on this issue.

4. Plaintiff objects to the Magistrate Judge's Report and Recommendation on the grounds that he should be entitled to seek compensatory damages if he can establish that defendant disregarded his clearly established constitutional rights. Plaintiff asserts that he sat in "continual pain" from lack of proper nutrition and vitamins without any "help to be had." Plaintiff asserts that this "should qualify as mental and emotional distress."

As set forth above, the Court notes that, in order to recover compensatory damages for mental or emotional injuries, a plaintiff must establish that he suffered a "physical injury." Plaintiff has failed to present sufficient medical evidence to prove that he suffered a physical injury and, thus, the Magistrate Judge's Report and Recommendation on this issue will be adopted.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation** (Doc. 54) is hereby **adopted *in toto*;** and

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge' Report and Recommendation, the **Motion for Summary Judgment (Doc. 36)** filed by Sheriff Tim Helder and Steve Whitmill is hereby **GRANTED IN PART AND DENIED IN PART.** Specifically:

* the Court grants summary judgment to Sheriff Tim Helder and Steve Whitmill on plaintiff's inadequate grievance procedure claim and such claim is hereby **DISMISSED WITH PREJUDICE;**

* the Court grants summary judgment to Sheriff Tim Helder and Steve Whitmill on plaintiff's claim for compensatory damages and such claim is hereby **DISMISSED WITH PREJUDICE;** and

* the Court denies summary judgment on all remaining issues.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge' Report and Recommendation, the **Motion for Summary Judgment (Doc. 42)** filed by the ARAMARK Defendants is hereby **GRANTED IN PART AND DENIED IN PART.** Specifically:

* the Court grants summary judgment to the ARAMARK Defendants on plaintiff's claim for compensatory damages and such claim is hereby **DISMISSED WITH PREJUDICE;** and

* the Court denies summary judgment on all remaining issues.

**IT IS SO ORDERED.**

>                /s/JIMM LARRY HENDREN
>                JIMM LARRY HENDREN
>                UNITED STATES DISTRICT JUDGE